Mr. Justice Scott delivered the opinion of the Court. The question to be determined in this case is, whether or not the court below erred in refusing to allow an entry to be read in evidence from one of the regular books of the bank, under the state of facts presented in the bill of exceptions. To comprehend clearly the force of the objection urged against the competency of this proposed testimony, it will be well to remember that even when part payment, and its appropriation is directly proven, that even then, the main fact necessary to be established, to wit, the continued existence of the debt, notwithstanding the lapse of time since its creation, is but a presumption upon which the law implies a promise to pay it. When, then, this part payment, and its appropriation by the debtor is sought to be established to this end, by an endorsement upon the security, to be sustained on the basis of proof, aliunde, that this endorsement was in fact made at a period of time when it would be against the interest of the holder of the security to make it or have it made, still another link is added to this chain of successive presumptions. In such case, on the primitive foundation so fixed that the endorsement was in fact made at a time when against the interest of the holder of the security, the following presumptions are successively made: 1st, The purport of the endorsement is presumed true: 2d, That the part payment was made: 3d, That it was appropriated by the debtor: 4th, That he promised to pay the residue; each of course liable to be repelled. In the case of Alston v. The State Bank, (4 Eng. 455,) it was submitted to us that the law allowed still another link to this chain of presumptions, forged by English judges, before they fully comprehended the true character of the statute of limitations? and that was supposed to be that where the endorsement purported upon its face to have been made at' a time when to make it would be against the interest of the holder of the security, that the law would, upon this foundation, as a primitive one, presume the date true, and then that the other presumptions would follow in succession, and several English authorities were cited to sustain this position. Upon a careful examination of them, however, we found that all of them, except perhaps one or two, were cases where the evidence had been offered by the defendant, and not by the plaintiff, and that those of the other class had been distinctly and emphatically repudiated by Lord Ellenborough in the case of Rose v. Byant, (3 Cam. 321,) whom, on this point, the ' English courts have followed to the present day, as well as the American courts which we cited. And we held therefore, that the date of the endorsement must be proven as a starting point. In the case at bar, however, it is submitted that we should allow even greater latitude than was asked in The State Bank v. Alston: because here we are asked to presume, upon the foundaion that the book from which the entry was proposed to be read, was “a regular book of the bank, kept by her expressly for such entries:” 1st, That the book was correctly and honestly kept; 2d, From ibis, presume the truthfulness of the purport of the entry, and then gó on in succession. It is manifest, therefore, without further observation that the testimony proposed was clearly incompetent for the purpose offered. And certainly the necessity of the case did not demand it because it was not shown that by the death of Thornton, it was impossible to obtain his testimony ; nor did it appear alike improbable to obtain discovery from the defendants, and had both been shown, we know of no principle of law which makes the proposed testimony admissible to prove a part payment, the rules of law as to which having already gone to the extreme confines of law and equity: and we certainly have no statute providing for such a case. Burr v. Byers, admr., 5 Eng. 402, 403. Finding no error in the record, the judgment must be affirmed with costs.